UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHNNY THOMAS,

                         Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

**DECISION AND ORDER**

1:18-CV-00839(JJM)

---

This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of defendant Andrew Saul, the Commissioner of Social Security, that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [10, 11].[1] The parties have consented to my jurisdiction [13]. Having reviewed the parties' submissions [10-12], the Commissioner's motion is granted, and plaintiff's motion is denied.

**BACKGROUND**

In April 2015, plaintiff filed an application for DIB, alleging that he became disabled on November 3, 2004 as a result "vascular-blood vessel disease in the brain", mini strokes, diabetes, "partial disability in left hand/shoulder", glaucoma, gout, high blood pressure and cholesterol, and erectile dysfunction. [7], pp. 180-81, 193. Plaintiff, a former corrections officer, was 56 years old when he filed this application, which was his second application for DIB.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

His initial application was filed on December 2, 2009, and alleged a nearly identical onset date of November 4, 2004, which was later amended to January 1, 2009. Id., pp. 14, 71. That application was denied on September 16, 2011 by Administrative Law Judge ("ALJ") Dennis O'Leary. Plaintiff did not appeal that decision. Id., pp. 13, 68-79. For purposes of both applications, December 31, 2011 was plaintiff's date last insured. Id., pp. 13, 71.

Like his initial application, plaintiff's current application was denied, and an administrative hearing was conducted before ALJ Larry Banks on August 29, 2017, at which plaintiff, who was represented by counsel, and a vocational expert testified. Id., pp. 29-52. At the outset of the hearing, ALJ Banks took note of the prior decision and stated that "it appears that res judicata very well may be applicable in this case", but permitted plaintiff's counsel to submit any contrary arguments and additional evidence. Id., p. 30. Because plaintiff did not appeal the earlier decision by ALJ O'Leary, ALJ Banks also noted that the period at issue was from September 17, 2011 to December 31, 2011. Plaintiff's counsel agreed. Id., p. 31.

At the hearing, ALJ Banks admitted certain evidence that had been considered in connection with the prior application (id., p. 32), including the following records from R. Robert Wilson, M.D. concerning a November 2, 2004 left thumb injury resulting in a March 28, 2005 surgical fusion of the metacarpal phalangeal ("MP") joint of the left thumb with internal fixation:

- **April 12, 2005**: Plaintiff "can use his left hand at work only to hold papers in place". Id., p. 328;

- **July 7, 2005**: Plaintiff "has a moderate to marked partial temporary disability involving his left thumb. I think he could return to work if he were not required to lift more than 7 lbs with his left hand alone and were not required to do repetitive pinching with his left thumb". Id., p. 324;

- **October 27, 2005**: Plaintiff "has a mild to moderate partial temporary disability involving his left thumb. He could not perform restraints using his left hand. If he did so, he might disrupt the arthrodesis of the MP joint of the left thumb. He should not lift more than 12 lbs with his left hand alone". Id., p. 321;[2]

- **February 2, 2006**: If plaintiff's most recent x-rays "show a solid fusion, I would say that [plaintiff] had a moderate partial temporary disability of his left thumb". Id., p. 317;

- **December 24, 2008**: "It is my opinion, any disability arising from the accident of 11/02/04 when combined with the disability arising from Mr. Thomas' history of diabetes, combined with the disability arising from his history of high blood pressure, combined with the disability arising from his history of emotional problems and when combined with the disability arising from his history of retinal problems, would result in a materially and substantially greater disability than would be caused by the injury of 11/02/04 alone." Id., p. 318; and

- **April 2, 2009**: "I think that [plaintiff] should not require further medical care causally related to the injury of 11/02/04 since the fusion of the MP joint of the left thumb is now solid". Id., p. 313.

In his October 20, 2017 decision, ALJ Banks determined that plaintiff's severe impairments were "status-post left thumb injury with pain syndrome; status post-left shoulder surgery with pain syndrome; visual impairment; diabetes mellitus; [and] hypertension". Id., p. 16. In relevant part, ALJ Banks also determined that plaintiff had the residual functional capacity ("RFC") to perform light work, except that he was limited to lifting 15 pounds with his nondominant left arm, performing no repetitive fine fingering with the left hand, and performing no regular or repetitive overhead lifting with his left arm. Id., p. 19. Based on that RFC, the

---

[2] I assume the reference to restraints concerns his former employment as a corrections officer.

vocational expert's testimony, and other factors, ALJ Banks determined that plaintiff was unable to perform his past relevant work as a corrections officer, but that there were significant jobs in the national economy that he was capable of performing. Id., pp. 21-22. Therefore, ALJ Banks concluded that plaintiff was not disabled through December 31, 2011. Id., p. 23.

ALJ Bank's decision became the final decision of the Commissioner on June 4, 2018, when the Appeals Council found no basis to change the decision. Id., pp. 1-5. Thereafter, this action ensued.

## DISCUSSION

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

It is well settled that an adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      Did ALJ Banks Err by Not Addressing Dr. Wilson's Opinions?**

Plaintiff argues that ALJ Banks constructively reopened the prior application but that, like the prior ALJ, he erred by making no mention of Dr. Wilson's opinions or explaining how those opinions were weighed. Plaintiff's Memorandum of Law [10-1], pp. 11-12; Plaintiff's Reply Brief [12], pp. 1-2. In response, the Commissioner acknowledges that ALJ Banks did not weigh or address Dr. Wilson's opinions, but argues that Dr. Wilson "did not examine or opine on Plaintiff's condition during the relevant period from September to December 2011", and that "any error by the ALJ in not explicitly mentioning Dr. Wilson's out of date, temporary limitations is at most harmless". Commissioner's Brief [11-1], pp. 10-12.

Much of plaintiff's argument centers on his contention that ALJ Banks constructively reopened the prior application. Plaintiff's Reply Brief [12], p. 1. However, ALJ Banks expressly stated in his decision that he was *not* reopening the prior application, and only considering "new evidence" from September 16, 2011, the date of the prior decision, to December 31, 2011, the date last insured. Id., pp. 13-14. [3]

ALJ Banks also specifically noted that "[a]ny reference to evidence outside of the adjudicative period does not imply any reopening of a prior claim, but is considered for longitudinal purposes only". [7], p. 14. This is not unusual. "ALJs regularly review prior evidence for the purpose of considering an open application, as such evidence is often relevant to the claimant's medical condition for the period in which benefits are claimed. In fact, there are

---

[3]      ALJ Banks further explained that "the question of disability after the alleged onset date . . . is res judicata in regard to the issue of disability, due to the previous Administrative Law decision . . . . There is no need to adjudicate the current application from the November 3, 2004 alleged consent date . . . as the claimant was required to file an application for a period of disability while disabled or no later than 12 months after the month in which his period of disability ended, or within 36 months, if a physical or mental condition prevented him from filing with[in] 12 months. The claimant fails to meet the 12-month requirement, as he filed his current application on April 9, 2015, and it has been established that he was not disabled on or before September 16, 2011". [7], p. 14.

many instances where an ALJ must consider such prior evidence to properly assess the severity of the claimant's medical condition during the open application period." Hussain v. Commissioner of Social Security, 2014 WL 4230585, *12 (S.D.N.Y.), adopted, 2014 WL 5089583 (S.D.N.Y. 2014). "Given this reality, a court should not infer that an ALJ considered the merits of a prior application simply because the ALJ reviewed medical evidence dating from the prior application period." Id.

Plaintiff's reliance on Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003) does not compel a different conclusion. Plaintiff's Reply Brief [12], p. 1. There, the Second Circuit held in relevant part that "[i]f the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived". However, "the Second Circuit's reference to 'a decision on the merits' means the merits of the earlier application", and here that did not occur. Reid v. Commissioner of Social Security, 2019 WL 2250015, *8-9 (W.D.N.Y. 2019) (holding that there was no constructive reopening where "the ALJ indicated at least three times in his written decision that he was finding only that Plaintiff was not disabled 'since April 25, 2014,' the date that the current application was filed, and his references to medical evidence from 2012 and 2013 only pertained to his determination of that application").

Nor is it surprising that ALJ Banks did not mention Dr. Wilson or his opinions, because he did not offer any opinion during the period in question - *i.e.*, from September 16, 2011 to December 31, 2011. Moreover, his opinions, the most recent of which was more than two years prior to the relevant period, qualified plaintiff's disability as *temporary*. Brooks v. Colvin, 2014 WL 6883904, *1 (C.D. Cal. 2014) ("[a]lthough the ALJ could have elaborated on his reasons for not giving Dr. Karlsson's report controlling weight, not doing was harmless error.

The opinion was that of only temporary disability, not disability expected to last twelve months or longer").

Plaintiff correctly notes that "a medical opinion need not be rejected or ignored solely because it predates the relevant time period, particularly where the record otherwise contains limited information regarding the claimant's functional capabilities". Pugh v. Commissioner of Social Security, 351 F. Supp. 3d 305, 315 (W.D.N.Y. 2018). Here, however, any failure by ALJ Banks to weigh Dr. Wilson's various opinions is harmless given plaintiff's *own* testimony that by 2011 - the relevant period at issue - he could lift a maximum of 35 pounds in his left hand. [7], p. 36. *See* Coston v. Saul, 2019 WL 4291314, *4 (W.D.N.Y. 2019) ("[p]laintiff's own testimony established that he was capable to performing the full range of light work" (emphasis omitted)). *See also* Scouten v. Colvin, 2016 WL 2640350, *4 (W.D.N.Y. 2016) ("[t]here is no error where . . . an ALJ bases his RFC on Plaintiff's own testimony"). As the Commissioner notes, that testimony is consistent with Dr. Wilson's opinion that plaintiff had a temporary disability, which had earlier shown steady improvement from a seven pound lifting restriction in July 2005 to a 12 pound lifting restriction in October 2005.

To the extent plaintiff also argues that ALJ Banks erred in failing to consider Dr. Wilson's December 24, 2008 opinion that plaintiff would have more limitations when his other impairments were considered collectively, I agree with the Commissioner that his opinion was "vague and does not provide any actual functional limitations". Commissioner's Brief [11-1], p. 11. Therefore, I conclude that any error in failing to address that opinion was likewise harmless, and that ALJ Banks' opinion is supported by substantial evidence.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [11] is granted, and plaintiff's motion [10] is denied.

**SO ORDERED**.

Dated: February 4, 2020

                                       /s/ Jeremiah J. McCarthy
                                       JEREMIAH J. MCCARTHY
                                       United States Magistrate Judge